**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIO CALDERON and JENNIFER ROCIO, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>     v.<br><br>CLEARVIEW AI, INC. and<br>CDW GOVERNMENT LLC,<br><br>                  Defendants. | Civil Action No.:  1:20-cv-01296-CM |
| MARIA BROCCOLINO on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>CLEARVIEW AI, INC.<br><br>                  Defendant. | Civil Action No.:  1:20-cv-02222-CM<br>(Related Case) |

**MEMORANDUM OF LAW IN SUPPORT OF THE CALDERON PLAINTIFFS'**
**MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joshua D. Arisohn
888 Seventh Avenue
New York, New York 10019
Telephone:  (646) 837-7150
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
      jarisohn@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin (to be admitted *pro hac vice*)
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinhall.com

[additional counsel on signature page]

**TABLE OF CONTENTS**

**PAGE(S)**

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................1

APPLICABLE LAW ..............................................................................................................2

ARGUMENT .........................................................................................................................4

I.     PROPOSED CO-LEAD INTERIM CLASS COUNSEL HAS THOROUGHLY IDENTIFIED AND INVESTIGATED THE CLAIMS........................................................4

II.    PROPOSED CO-LEAD INTERIM CLASS COUNSEL IS EXPERIENCED IN HANDLING CLASS ACTIONS AND OTHER COMPLEX LITIGATION....................6

III.   PROPOSED CO-LEAD INTERIM CLASS COUNSEL IS VERY FAMILIAR WITH THE APPLICABLE LAW ........................................................................................9

IV.   PROPOSED CO-LEAD INTERIM CLASS COUNSEL WILL COMMIT ALL NECESSARY RESOURCES TO REPRESENTING THE CLASS ................................10

CONCLUSION......................................................................................................................11

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Anderson v. Fiserv, Inc.*,
2010 WL 571812 (S.D.N.Y. Jan. 29, 2010)...............................................................3

*Bernstein v. Cengage Learning, Inc.*,
2019 WL 6324276 (S.D.N.Y. Nov. 26, 2019) ..........................................................3

*Blessing v. Sirius XM Radio Inc.*,
2011 WL 1194707 (S.D.N.Y. Mar. 29, 2011) ..........................................................4, 6

*Buonasera v. Honest Co., Inc.*,
318 F.R.D. 17 (S.D.N.Y. 2016)...............................................................................3, 4

*Ebin v. Kangadis Food Inc.*,
297 F.R.D. 561 (S.D.N.Y. 2014)................................................................................6, 7

*Groover v. Prisoner Transportation Servs., LLC*,
2019 WL 3974143 (S.D. Fla. Aug. 22, 2019)................................................7, 8, 11

*Hart v. BHH, LLC*,
2017 WL 2912519 (S.D.N.Y. July 7, 2017) ............................................................7

*In re Amla Litig.*,
320 F.R.D. 120 (S.D.N.Y. 2017)................................................................................4

*In re Municipal Derivatives Antitrust Litig.*,
252 F.R.D. 184 (S.D.N.Y. 2008)................................................................................3

*In re Scotts EZ Seed Litig.*,
304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015) ...............................................................7

*Luczak v. Nat'l Beverage Corp.*,
2018 WL 9847842 (S.D. Fla. Oct. 12, 2018) ..........................................................7

*Monroy v. Shutterfly, Inc.*,
2017 WL 4099846 (N.D. Ill. Sept. 15, 2017)....................................................10, 11

*Norberg v. Shutterfly, Inc.*,
152 F. Supp. 3d 1103 (N.D. Ill. 2015) ....................................................................9

*Rivera v. Google Inc.*,
238 F. Supp. 3d 1088 (N.D. Ill. 2017) ....................................................................10

**STATUTES**

740 ILCS 14/1 .................................................................................................................... 1

**RULES**

Fed. R. Civ. P. 23 ...................................................................................................... 3, 5, 6, 7

Fed. R. Civ. P. 23(c)(1) ...................................................................................................... 6

Fed. R. Civ. P. 23(g) ........................................................................................................... 2

Fed. R. Civ. P. 23(g)(1) ................................................................................................... 3, 4

Fed. R. Civ. P. 23(g)(1)(A) ................................................................................................ 4

Fed. R. Civ. P. 23(g)(1)(A)(ii) ........................................................................................... 6

Fed. R. Civ. P. 23(g)(1)(C)(i) ......................................................................................... 10

Fed. R. Civ. P. 23(g)(2)(A) ................................................................................................ 2

Fed. R. Civ. P. 23(g)(3) ............................................................................................... 1, 2, 3

**OTHER AUTHORITIES**

Moore's Fed. Prac. (3d. Ed. 2007) ..................................................................................... 5

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs Mario Calderon and Jennifer Rocio (the "*Calderon* Plaintiffs") move for an order appointing Bursor & Fisher, P.A. ("Bursor & Fisher") and Hedin Hall LLP ("Hedin Hall") (collectively, "Proposed Co-Lead Interim Class Counsel") as co-lead interim class counsel.  Bursor & Fisher and Hedin Hall have significant nationwide consumer class action experience, knowledge of the applicable law and substantial resources that can be used to litigate this action.  They also have a proven track record of success in similar data privacy cases that will be of great benefit to the proposed class. Appointment of interim class counsel will promote efficiency, conserve judicial resources and create a unified voice for putative class members that will streamline this litigation with a team capable of taking the case to trial if necessary.

## BACKGROUND

Illinois residents Mario Calderon and Jennifer Rocio allege that Defendant Clearview AI, Inc. ("Clearview"), a New York company, amassed "more than three billion photographs that it scraped from sources including Instagram, Twitter, YouTube, Facebook, Venmo and millions of other websites."  Compl. (ECF No. 1) ¶ 5.  Clearview used these photographs, including millions depicting Illinois residents, to compile a database of biometric identifiers (facial geometry scans), which it combined with biometric information (names, genders, ages, locations and other data), all without the written consent of consumers.  *Id.* ¶¶ 1, 5, 25.  Clearview then used this data to create a facial recognition app that it licensed to law enforcement agencies and other entities through its agent CDW Government LLC ("CDW"), an Illinois company.  *Id.* ¶ 7. Through these activities, Clearview and CDW (collectively, "Defendants") violated Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* which prohibits obtaining or possessing an individual's biometrics without written consent.

Since information about Clearview's app was first made public in January 2020, at least six other class actions have been filed against the company:

1. *Mutnick v. Clearview AI, Inc.*, 1:20-cv-00512 (N.D. Ill. Jan. 22, 2020)
2. *Roberson v Clearview AI, Inc.*, 1:20-cv-00111 (E.D. Va. Feb. 2, 2020)
3. *Hall v. CDW Government LLC*, 1:20-cv-00846 (N.D. Ill. Feb. 5, 2020)
4. *Burke v. Clearview AI, Inc.*, 3:20-cv-00370 (S.D. Cal. Feb. 27, 2020)
5. *Broccolino v. Clearview AI, Inc.*, 1:20-cv-02222 (S.D.N.Y. Mar. 12, 2020)
6. *Thornley v. Clearview AI, Inc.*, 2020-CH-03377 (Ill. Cir. Ct. Mar. 19, 2020)

Clearview recently moved to transfer the *Roberson* and *Burke* matters to this Court.  Given its contention that New York is the nexus of the allegations in these matters, Clearview appears poised to seek transfers of the other federal cases as well.  The *Broccolino* case has already been accepted as related to *Calderon*.

Each of the cases listed above was filed by separate law firms.  Of these, the team of Bursor & Fisher and Hedin Hall are best positioned to represent the putative class.  Proposed Co-Lead Interim Class Counsel not only have extensive class action experience and success, but they are well-versed in data privacy issues and BIPA litigation in particular.  Bursor & Fisher and Hedin Hall have already engaged in a thorough investigation of the law and facts at issue in this case that evidences the thoroughness and care that they will bring to bear for the benefit of the putative class.  Accordingly, Plaintiffs Calderon and Rocio respectfully move for the appointment of Bursor & Fisher and Hedin Hall as co-lead interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3).  This appointment will provide the putative class with unique resources and expertise and enable it to speak with a unified voice.

## APPLICABLE LAW

The appointment of interim class counsel is recommended early in the litigation, prior to class certification, to protect the interests of the putative class.  *See* Fed. R. Civ. P. 23(g); *Annotated Manual for Complex Litigation* (4th ed. 2006) (the "*Manual*"); *see also* Fed. R. Civ.

P. 23(g)(2)(A) (providing for the designation of interim class counsel to act on behalf of a putative class before the determination of class certification).  Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."  Although the rule states the court "may" appoint an interim counsel, courts that have construed Rule 23(g)(3) have relied on the Advisory Committee Notes (the "Notes") accompanying the rule to hold that appointment of interim class counsel is useful because it "clarifies responsibility for protecting the interests of the class during precertification activities."  *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185 (S.D.N.Y. 2008) (internal citations omitted); *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) (same); *Bernstein v. Cengage Learning, Inc.*, 2019 WL 6324276, at *2 (S.D.N.Y. Nov. 26, 2019) ("Establishing interim lead counsel in this action will minimize the risk of duplicative filings and allow the Court to consolidate related filings more efficiently.").  Further, the Notes contemplate "that in many cases the need to progress toward the certification determination may require designation of interim counsel."  Fed. R. Civ. P. 23, Advisory Committee Notes (2003) (emphasis added).

As stated in the *Manual*, the court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Manual* at § 10.22.  Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221.  While neither Rule 23 nor the Notes expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification.  *See Anderson v. Fiserv, Inc.*, 2010 WL 571812, at

*2 (S.D.N.Y. Jan. 29, 2010); *Bernstein*, 2019 WL 6324276, at *1 ("When appointing interim

class counsel, courts generally look to the same factors used in determining the adequacy of class

counsel under Rule 23(g)(1)(A).") (quoting *Buonasera*, 318 F.R.D. at 18); *In re Amla Litig.*, 320

F.R.D. 120, 121 (S.D.N.Y. 2017) (same).

Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court

must consider:

> (i)   the work counsel has done in identifying or
>       investigating potential claims in the action;
>
> (ii)  counsel's experience in handling class actions, other
>       complex litigation, and the types of claims asserted in
>       the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv)  the resources that counsel will commit to representing
>       the class.

Fed R. Civ. P. 23(g)(1).

In general, a class is fairly and adequately represented where counsel is qualified,

experienced and generally capable of conducting class action litigation.  *See Blessing v. Sirius*

*XM Radio Inc.*, 2011 WL 1194707, at *4 (S.D.N.Y. Mar. 29, 2011).  Each of these

considerations, as detailed below, support the appointment of Bursor & Fisher and Hedin Hall as

co-lead interim class counsel.

## **ARGUMENT**

## I.   **PROPOSED CO-LEAD INTERIM CLASS COUNSEL HAS THOROUGHLY IDENTIFIED AND INVESTIGATED THE CLAIMS**

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily

be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of

counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint

> requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken.  All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

Moore's Fed. Prac. § 23.120(3)(a) (3d. Ed. 2007).

Here, Bursor & Fisher and Hedin Hall's work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the proposed Class.  For example, Proposed Co-Lead Interim Class Counsel has performed the following work thus far:

a)  Investigated potential legal claims arising from Defendants' alleged practice of collecting, storing and using consumers' biometric identifiers and biometric information;

b)  Analyzed numerous articles describing Defendants' challenged conduct;

c)  Reviewed Defendants' websites;

d)  Researched Defendants' corporate structures;

e)  Researched the relationship between the Defendants;

f)  Investigated the nature of the challenged conduct at issue here by interviewing dozens of potential clients;

g)  Investigated the adequacy of the named Plaintiffs to represent the putative class;

h)  Conferred with potential consulting experts regarding the technical aspect of Defendants' conduct; and

i)  Drafted and filed the Complaint in this action.

These investigative efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop and demonstrate the claims alleged in the Complaint.  These measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state that the Court should consider in appointing interim class

counsel.

The Notes also contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class certification pursuant to Fed. R. Civ. P. 23(c)(1), inasmuch as "some discovery is often necessary for that determination." *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003). The Notes further state, "[o]rdinarily such work is handled by the lawyer who filed the action." *Id*. Here, a significant amount of discovery and related motion practice is expected to take place prior to class certification. *See id.* (noting that interim class counsel may be necessary to "make or respond to motions before certification"). Moreover, the class certification motion has not yet been scheduled and discovery will be necessary before a class certification motion is filed. Discovery in this matter may be complicated and require negotiations and motions prior to class certification. Proposed Co-Lead Interim Class Counsel's thorough investigation into the claims will enable them to more than adequately handle this discovery and related motion practice.

## II.   PROPOSED CO-LEAD INTERIM CLASS COUNSEL IS EXPERIENCED IN HANDLING CLASS ACTIONS AND OTHER COMPLEX LITIGATION

The second factor the court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). Here, Proposed Co-Lead Interim Class Counsel has substantial experience handling consumer class actions involving data privacy issues as well as other complex litigation. The firms' attorneys have represented both plaintiffs and defendants in more than 100 class action lawsuits in state and federal courts throughout the United States. Decl. of Scott A. Bursor ("Bursor Decl.") ¶ 3; Decl. of Frank S. Hedin ("Hedin Decl.) ¶¶ 3-6.

Bursor & Fisher has an extensive and successful history within this District, including

certification of nationwide classes in *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014) and *Hart v. BHH, LLC*, 2017 WL 2912519 (S.D.N.Y. July 7, 2017), as well as New York and California classes in *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015). As Judge Rakoff recognized in appointing Bursor & Fisher class counsel in *Ebin*, "Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. . . .  The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008." *Ebin*, 297 F.R.D. at 566.

Likewise, courts have recognized that "Hedin Hall . . . has extensive experience in class actions," *Luczak v. Nat'l Beverage Corp.*, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018), and has provided exemplary representation to the classes of consumers and investors that they have represented. *See, e.g., Groover v. Prisoner Transportation Servs., LLC*, 2019 WL 3974143, at *2 (S.D. Fla. Aug. 22, 2019) ("Counsel [at Hedin Hall LLP] provided excellent and thorough representation in a case that was exceptionally time-consuming.").

More generally, within the past seven years, Bursor & Fisher and Hedin Hall's lawyers have been court-appointed counsel or interim class counsel in over thirty class actions.  Bursor Decl. ¶ 6 and Ex. A at 1-3; Hedin Decl. ¶¶ 3-4, 6 and Ex. A.  Bursor & Fisher also negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively).  Bursor Decl. ¶ 3.  These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications.  *Id*.  Moreover, in *Hendricks v. StarKist Co.*, Bursor & Fisher crafted a settlement that resulted in the submission of over 2.4 million claims from class members, the largest number of claims ever submitted in the history of Rule 23 class actions.  *Id.*

Bursor & Fisher has also proven that it can—and will—take cases to trial if necessary, having won multi-million dollar verdicts or recoveries in six of six civil jury trials in consumer class actions since 2008. *Id.* at ¶ 5.  For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, Bursor & Fisher obtained a $50 million jury verdict in favor of the plaintiff and class on a California Consumers Legal Remedies Act claim. *Id.*  In another example, *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment. *Id.*  And last year, in *McMillion v. Rash Curtis & Associates*, Bursor & Fisher won a class action jury trial for claims under the Telephone Consumer Protection Act and secured a $267 million judgment. *Id.*

With respect to Hedin Hall, over the past year alone the firm has negotiated class action settlements in three data-privacy class actions, two overdraft-fee class actions, and two securities class actions, obtaining over $50 million in all-cash relief for class members on a non-reversionary basis.  *See* Hedin Decl. ¶¶ 3-4.

Perhaps most importantly, Bursor & Fisher and Hedin Hall have substantial experience handling data security and data privacy cases.  *See, e.g.*, *Edwards v. Hearst Communications, Inc.*, 1:15-cv-09279-AT-JLC (approving a $50 million cash settlement, negotiated by Bursor & Fisher, of data privacy claims under Michigan law); *In re Michaels Stores Pin Pad Litig.*, No. 11-cv-00350, ECF No. 22 (N.D. Ill. June 8, 2011) (appointing Bursor & Fisher class counsel and approving a nationwide class settlement on behalf of hundreds of thousands of consumers who made in-store purchases at Michaels using a debit or credit card and had their private financial information breached as a result); *Moeller v. American Media, Inc.*, No. 16-cv-11367, ECF No. 42 (E.D. Mich. Sept. 28, 2017) (appointing Bursor & Fisher as co-class counsel and approving classwide $7.6 million settlement of data privacy claims under Michigan law); *Taylor v. Trusted*

*Media Brands, Inc.*, No. 16-cv-01812, ECF No. 87 (S.D.N.Y. Feb. 1, 2018) (same, approving

classwide settlement of $8.225 million); *Olsen v. ContextLogic Inc.*, No. 2019-CH-06737 (Cir.

Ct. Cook Cnty. Ill. Jan 7, 2017) (appointing Hedin Hall class counsel and approving $16 million

non-reversionary settlement of Telephone Consumer Protection Act claims); *Donahue v. Everi*

*Payments, Inc.*, No. 2018-CH-15419 (Cir. Ct. Cook Cnty. Ill.) ($14 million non-reversionary

class action settlement of data-privacy claims recently negotiated by Hedin Hall); *Chimeno-Buzzi*

*v. Hollister Co.*, No. 14-cv-23120-MGC (S.D. Fla.) (F. Hedin of Hedin Hall serving as lead class

counsel on behalf of class in $10 million finally approved class action settlement in data-privacy

action). *See* Bursor Decl., Ex. A (Bursor & Fisher Firm Resume); *see* Hedin Decl., Ex. A (Hedin

Hall Firm Resume).

## III.   PROPOSED CO-LEAD INTERIM CLASS COUNSEL IS VERY FAMILIAR WITH THE APPLICABLE LAW

Proposed interim class counsel are also knowledgeable about the law applicable to the

instant claims.  As set forth above, the attorneys of Bursor & Fisher have a long track record of

successfully litigating large-scale consumer and complex actions and are also familiar with this

Court's rules and procedures.  The attorneys of Hedin Hall also have extensive experience with

BIPA, the Illinois statute at issue in this litigation.  Specifically, Mr. Hedin has served as lead

plaintiffs' counsel in several prior BIPA class actions involving the collection of "scans of face

geometry" derived from photographs, including in litigation against Google and Shutterfly where

he achieved multiple significant victories on issues of first impression pertaining to the statute's

construction, interpretation and applicability to online facial recognition technologies, including

by obtaining: (1) the first decision in the country holding that scans of face geometry collected

from photographs constitute "biometric identifiers" within the meaning of BIPA, *Norberg v.*

*Shutterfly, Inc.*, 152 F. Supp. 3d 1103 (N.D. Ill. 2015); (2) the first decision in the country

holding that neither the presumption against extraterritoriality nor the dormant commerce clause is violated by applying BIPA to prohibit the collection of scans of face geometry from photographs of Illinois residents uploaded from devices assigned Illinois-based IP addresses, *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088 (N.D. Ill. 2017); and (3) the first decision in the country holding that the nonconsensual collection of a scan of face geometry, a bare violation of BIPA, is invasive of privacy and thus manifests, in and of itself, a concrete and particularized injury sufficient to confer Article III standing, *Monroy v. Shutterfly, Inc.*, 2017 WL 4099846, at *8 n.5 (N.D. Ill. Sept. 15, 2017).  Hedin Decl. ¶ 7.  Additionally, for nearly three years, David W. Hall of Hedin Hall served as one of the primary attorneys in a BIPA action against Facebook Inc. while at his prior firm, Robbins Geller Rudman & Dowd LLP.  *Id.* ¶ 8.

## IV. PROPOSED CO-LEAD INTERIM CLASS COUNSEL WILL COMMIT ALL NECESSARY RESOURCES TO REPRESENTING THE CLASS

The final Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment of Bursor & Fisher and Hedin Hall. Both Bursor & Fisher and Hedin Hall are well-established successful law firms that have the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar class actions.  As a result, the firms can fully utilize their resources and knowledge of local practice.  Bursor & Fisher and Hedin Hall have already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed class.  The firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiffs and the putative class.  Bursor & Fisher and Hedin Hall's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

Notably, other courts have opined on the resources and commitment of Bursor & Fisher

in representing clients in class action cases.  For instance, Chief United States District Judge Morrison C. England, Jr. of the Eastern District of California appointed Bursor & Fisher as interim class counsel in *Melgar v. Zicam, LLC*, No. 2:14-cv-00160-MCE-AC (E.D. Cal. Oct. 29, 2014), noting that the firm Fisher "has extensive experience representing plaintiffs in large class actions, both in negotiating settlements and litigating through trial."  Bursor Decl. ¶ 10 and Ex. B at 3.  Judge England further commented that "Bursor & Fisher is a well-established, reputable firm that is up to handling the challenges of this litigation and is capable of committing the requisite resources to doing so.  The Court is confident that Bursor & Fisher will fairly and adequately represent the interests of the class."  *Id.* (citation omitted).  Similarly, in appointing Bursor & Fisher as interim class counsel in *Rodriguez v. CitiMortgage*, Case No. 1:11-cv-4718 (PGG) (S.D.N.Y. Nov. 14, 2011), Judge Gardephe recognized that Bursor & Fisher is a "well-established law firm" that "ha[s] the resources and personnel necessary to carry out large-scale class action litigation."  Bursor Decl. ¶ 11 and Ex. C at 3.  Judge Gardephe further noted that he had "no reason to doubt that [counsel] will provide the necessary resources going forward to litigate this case."  *Id.*  Likewise, United States District Judge Beth Bloom of the Southern District of Florida has recognized the "excellent and thorough representation" provided by Hedin Hall, including in "exceptionally time-consuming" cases.  *Groover*, 2019 WL 3974143, at *2.

The same is true with respect to this action.  As interim class counsel, Bursor & Fisher and Hedin Hall will continue to commit the same resources and effort to this case as they have committed to their other, successful class action litigations.

## CONCLUSION

In the interest of judicial economy and for the reasons set forth above, the *Calderon* Plaintiffs respectfully request that the Court appoint Bursor & Fisher and Hedin Hall as co-lead interim class counsel.

Dated:  April 9, 2020

Respectfully submitted,

By:   */s/ Scott A. Bursor*
                Scott A. Bursor

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joshua D. Arisohn
New York, New York 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
          jarisohn@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin (to be admitted *pro hac vice*)
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinhall.com

**HEDIN HALL LLP**
David W. Hall (to be admitted *pro hac vice*)
Four Embarcadero Center, Suite 1400
San Francisco, California 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058
Email: dhall@hedinhall.com

*Attorneys for the Calderon Plaintiffs*