UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────x

MARIO CALDERON and JENNIFER ROCIO,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

  -against-                              20 civ. 1296 (CM)

CLEARVIEW AI, INC., and
CDW GOVERNMENT LLC,

        Defendants.

──────────────────────────────────────x

MARIA BROCCOLINO, on behalf of herself
and all others similarly situated,

        Plaintiff,

  -against-                              20 civ. 2222 (CM)

CLEARVIEW AI, INC.,

        Defendant.

──────────────────────────────────────x

JOHN MCPHERSON, on behalf of himself
and all others similarly situated,

        Plaintiff,

  -against-                              20 civ. 3053 (CM)

CLEARVIEW AI, INC., HOAN TON-THAT,
RICHARD SCHWARTZ, and DOES 1
THROUGH 10

        Defendants.

──────────────────────────────────────x

BURKE et al. ,

        Plaintiffs,                                          20 civ. 3104 (UA)

        -against-

CLEARVIEW AI, Inc. et al.;

        Defendants.

_____x

**ORDER**

McMahon, C.J.:

In three related cases before the court – as well as fourth related case, *Burke et al v. Clearview AI, Inc. et al*, No. 20 civ. 03104 (UA), which was transferred to this court on April 17 and which will be accepted by me as related – (the "New York Actions") David Mutnick has filed identical motions to intervene in and either dismiss, stay, or transfer the cases to the Northern District of Illinois.

On January 22, 2020, Mutnick filed a class action in the Northern District of Illinois, *Mutnick v. Clearview AI, Inc.*, 1:20-cv-512 (the "Illinois Action"), where it is currently pending before Judge Coleman. (*See* Ex. H to Drury Decl., *Calderon* Dkt. No. 24-8.)

On January 29, Mutnick filed a first amended complaint, adding CDW Government LLC as a defendant. (*See* Ex. A. to Drury Decl., *Calderon* Dkt. No. 24-1).

On April 8, Mutnick moved for a preliminary injunction, which will be fully briefed by May 20.

The *Calderon* action was filed in this court on February 13, 2020.

The *Broccolino* action was filed in this court on March 12, 2020.

The *McPherson* action was filed in this court on April 15, 2020.

And the *Burke* action was filed in the Southern District of California on February 27, and transferred to this court on April 17, 2020.

Absolutely no substantive action has been taken in any of these cases. Counsel in *Calderon* filed a motion to be designated as "interim lead class counsel" (Dkt. No. 17), which this court summarily rejected in an order dated April 15, 2020 (Dkt. No. 21). At the time I entered that order, I was not aware of the first-filed Illinois Action or of the fact that it was far ahead of the cases in this court in terms of substantive activity.

As Mutnick notes in his motions, the Illinois Action and the New York Actions share common defendants, facts, claims, and class members. A quick glance at the captions reveals the commonality of defendants. Each action seeks to vindicate the same rights of the same class of persons: those who, while residing in the State of Illinois, had certain "biometrics" (notably, photographs of their faces, which they had uploaded onto various social media sites) "scraped" by Defendants and used without their consent in violation of the Illinois statute.

Mutnick now moves to intervene and either (a) dismiss the New York Actions without prejudice; (b) stay them until the Illinois Action is resolved; or (c) transfer them to the Northern District of Illinois.

*First*, Mutnick asks this court to allow him to intervene in the New York Actions. *See* Fed. R. Civ. P. 24. He asserts he may intervene either as a matter of right under Rule 24(a)(2), or with the court's permission under Rule 24(b).

*Second*, Mutnick invokes "first-filed" rule. This rule applies to competing lawsuits that involve the same or substantially similar parties and claims. Generally, the first suit filed has priority. Mutnick's original and first amended complaints – filed on January 22 and 29, respectively – predate the filing of any of the four New York Actions. Mutnick argues that no special circumstances exist such that this court should depart from the first-filed rule. Accordingly, he asks this court to either dismiss, stay, or transfer the New York Actions.

*Third*, even if this court were not to apply the first-filed rule, Mutnick claims it should transfer the New York Actions to the Northern District of Illinois under the voluntary transfer provisions of 28 U.S.C. 1404(a).

*Fourth*, Mutnick correctly points out that, even if this court does not permit him to intervene, it may nevertheless transfer the New York Actions to Illinois *sua sponte* under § 1404(a). In my order dated April 15, filed in all three New York Actions that are presently assigned to me, I expressed the view that either of the Illinois district courts seemed a more likely forum for the resolution of whether Illinois residents had been harmed by a violation of an Illinois statute. Obviously, Mutnick feels the same.

In my order dated April 15, I gave the parties ten days to provide a motion schedule for consolidation. However, I now vacate that order, in light of my newfound awareness of the first-filed Illinois Action and the pending motion for a preliminary injunction that is moving swiftly toward full briefing and resolution in that court. Instead, I hereby order that plaintiffs in each of the three New York Actions presently assigned to me must to respond to Mutnick's motion within five (5) business days, which is to say, by 5 PM next Wednesday, April 29, 2020.  For the sake of clarity, Mutnick's motion can be found at *Calderon* at Dkt. No. 22, *Broccolino* at Dkt. No. 10, and *McPherson* at Dkt. No. 12.

The unassigned *Burke* case is presenty pending before the court's Assignment Committee. Since I intend to accept the case as "related" within the meaning of the Southern District Local Rules for the Division of Business Among Judges, I take the liberty of advising counsel for Burke

that they, too, must respond to Mutnick's motion – found at *Burke* Dkt. No. 16 – by 5 PM on April 29.

## CONCLUSION

The plaintiffs are hereby ORDERED to respond to Mutnick's Motion to Intervene and to Dismiss or, Alternatively, to Stay Cases or Transfer Venue in their respective dockets by 5 PM on April 29, 2020.


Dated: April 22, 2020

												_____
												Chief Judge

BY ECF TO ALL COUNSEL